# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 11, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHIRLEY SHREWSBURY, WIDOW OF
PHILLIP B. SHREWSBURY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0800** (BOR Appeal No. 2050297)
(Claim No. 830063632)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KITCHEKAN FUEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Shirley Shrewsbury, widow of Philip B. Shrewsbury, by S.F. Raymond Smith, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2015, in which the Board affirmed a March 4, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 16, 2014, denial of Mrs. Shrewsbury's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shrewsbury's claim for occupational pneumoconiosis was held compensable on November 29, 1984. He filed a motion to reopen his claim on February 18, 1991, and was awarded permanent total disability benefits on October 31, 1995. Evidence of a psychological condition was presented during the reopening. However, the Office of Judges found the permanent total disability was due to Mr. Shrewsbury's occupational hearing loss, occupational pneumoconiosis, and a knee injury. No part of the permanent total disability was due to a psychological condition.

On October 10, 2013, Mr. Shrewsbury was seen at Princeton Community Hospital. The discharge report shows he was discharged home with a referral for out-patient services after being hospitalized for a psychotic episode. The reason for hospitalization, as well as the discharge diagnoses, were listed as dementia and psychosis.

Mr. Shrewsbury committed suicide on November 20, 2013. The death certificate issued on November 25, 2013, lists the cause of death as "shot self with handgun".  James Kaplan, M.D., issued an autopsy report on December 16, 2013, in which he determined Mr. Shrewsbury died as the result of a single self-inflicted handgun wound to his head.

Mr. Shrewsbury's widow filed an application for dependent's benefits on January 14, 2014. The claims administrator denied the application on January 16, 2014, due to the fact that Mr. Shrewsbury died from a self-inflicted gunshot wound. In a letter to the claims administrator dated May 10, 2014, Mrs. Shrewsbury described the pain her husband was in prior to his death. In Mrs. Shrewsbury's opinion, the suicide was due to his occupational injuries, including his depression, and therefore, the suicide was work-related.

The Office of Judges affirmed the claims administrator's denial of dependent's benefits on March 4, 2015. It found that, given the proximity in time between the decedent's hospital stay and his death, it was more likely than not that his dementia and psychosis played a major role in his death. However, the medical evidence did not show that Mr. Shrewsbury's dementia or psychosis were due to his work injury.

The Office of Judges determined that the evidence submitted did not prove by a preponderance of evidence that Mr. Shrewsbury would not have developed a mental disorder that would have impaired his normal, rational judgment had he not had the work injury. There was no evidence that he would not have committed suicide absent a mental disorder related to the injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence shows Mr. Shrewsbury committed suicide. There is no evidence that Mr. Shrewsbury developed a mental disorder as a result of his compensable injury or that his suicide was work-related.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 11, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3